A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Apr 07, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 07, 2008

FILED
CLERK'S OFFICE

IN RE: MERRILL LYNCH & CO., INC.,
SECURITIES, DERIVATIVE & "ERISA"
LITIGATION

MDL No. 1974

U.S. DISTRICT COURT
FILED
APR 0 7 2008
S.D. OF N.Y.

## TRANSFER ORDER

**Before the entire Panel**[*]: Defendant Merrill Lynch & Co., Inc. (Merrill Lynch) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York. Plaintiffs in four Southern District of New York actions and interested party plaintiff the State Teachers' Retirement System of Ohio support or do not oppose the motion.

This litigation currently consists of eighteen actions listed on Schedule A and pending in two districts, seventeen actions in the Southern District of New York and one action in the District of New Jersey.

After considering all argument of counsel, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from Merrill Lynch's conduct and representations regarding its investments in collateralized debt obligations secured by subprime mortgage debt. Whether the actions are brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Merrill Lynch, or participants in retirement savings plans suing for violations of ERISA, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee forum for this litigation. Merrill Lynch is headquartered in New York and, therefore, discovery is likely to take place there. Moreover, all actions save one are already pending in that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of New York is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Leonard B. Sand for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

---

[*] Judge Scirica did not participate in the disposition of this matter.

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK

-2-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica[*] |

IN RE: MERRILL LYNCH & CO., INC.,
SECURITIES, DERIVATIVE & "ERISA"
LITIGATION                                                          MDL No. 1933

## SCHEDULE A

### District of New Jersey

David Eidman, etc. v. E. Stanley O'Neal, et al., C.A. No. 2:08-126

### Southern District of New York

Life Enrichment Foundation v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-9633
Patricia Arthur, etc. v. E. Stanley O'Neal, et al., C.A. No. 1:07-9696
Miriam Loveman, etc. v. E. Stanley O'Neal, et al., C.A. No. 1:07-9888
Elizabeth Estey v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10268
Mary Gidaro v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10273
Tara Moore v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10398
Gregory Yashgur v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10569
Christine Donlon v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10661
Carl Esposito v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10687
Sean Shaughnessey, etc. v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10710
Gary Kosseff v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-10984
Barbara Boland, et al. v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-11054
Robert R. Garber v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-11080
Operative Plasterers & Cement Masons Local 262 Pension & Annuity Funds, etc. v. E.
    Stanley O'Neal, et al., C.A. No. 1:07-11085
Francis Lee Summers, III v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-11615
James Conn v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:07-11626
James Eastman v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:08-58